UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID L. FISH, JR.,

Plaintiff,

v.                                                    Civ. A. No. 05-11619-RGS

MARINE BIOLOGICAL LABORATORY,

Defendant.

DEFENDANT MARINE BIOLOGICAL LABORATORY'S
RESPONSE TO PLAINTIFF'S OPPOSITION TO ITS
MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to the Court's instructions at the Scheduling Conference held on September 22,

2005 that the Defendant Marine Biological Laboratory ("Defendant" or the "MBL") respond to

Plaintiff David L. Fish, Jr.'s ("Plaintiff") Opposition to Defendant's Motion for Judgment on the

Pleadings (the "Opposition Memo") within ten days, Defendant hereby submits this

memorandum to respond to Plaintiff's Opposition Memo. In short, Plaintiff's Opposition Memo

cannot change the factual averments in the Complaint, which establish that Plaintiff cannot avoid

a judgment on the pleadings.

I.      **Plaintiff Has Not Alleged Facts Sufficient to Support His Claims.**

Although Plaintiff states that he can provide the Court with "an abundance of evidentiary

documents to prove facts in support of his claim," he has failed to allege any facts to support his

claims or entitle him to relief. In his Opposition Memo, Plaintiff inexplicably points only to a

Front Office Assistant Position Description and two Front Office Assistant Position

Announcements to argue that he can prove that the Watchperson and Front Office Assistant

US1DOCS 5352985v1

positions require the same level of skill, effort and responsibility.  Tellingly, Plaintiff fails to

attach a Watchperson Position Description (his current position) or Watchperson Position

Announcement to compare against the Front Office Assistant documents.  Plaintiff has not

referenced documents describing the Watchperson position because such description would only

confirm and highlight the glaring discrepancies in the skills, effort and responsibilities required

of each position.  Rather than show that Plaintiff can prove facts to support his claims, the Front

Office Assistant Position Description and Position Announcements that Plaintiff references

simply describe the functions of the Front Office Assistant position, which are drastically

different than the functions of the Watchperson position, as the Plaintiff himself has admitted.

See Complaint ¶ 6.  In paragraph 6 of his Complaint, Plaintiff admits (as he must) that

Watchpersons do not perform daily audits or data entry and do not run reports, which are duties

of the Front Office Assistants.  Further, Plaintiff's claims of discriminatory training and

assignment of work and retaliation cannot stand because the positions necessitate different

training, assignments and hours of overtime due to the differences between the positions, which

Defendant has admitted exist.

**II.     The Terms of the CBA Provide a Defense to Plaintiff's Discrimination Claims
Because the CBA is a Differential Based on a Factor Other Than Sex.**

As Defendant discussed in its Memorandum in Support of its Motion for Judgment on the

Pleadings, any discrepancy in the pay of Watchpersons and Front Office Assistants is the result

of the pay grade system set forth in the Collective Bargaining Agreement (the "CBA")

negotiated and agreed upon by Plaintiff's union, Hospital Workers Local 2020, affiliated with

Service Employees International Union (the "Union") and the MBL.  Under both the Federal

Equal Pay Act and Title VII, an employer may defend a claim of unequal pay by showing that

the pay difference is due to a "differential other than sex."  See 29 U.S.C. § 206(d)(1); 42 U.S.C.

2

§ 2000 e-2(h). In his Opposition Memorandum, Plaintiff attempts to rebut Defendant's reliance

on the CBA as a "differential other than sex" that provides a defense to his claims. However,

Defendant merely cites a Second Circuit case which actually supports Defendant's position. In

Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520 (2nd Cir. 1992), the Court stated that a job

classification system may serve as a defense to sex-based wage discrimination claims "when the

employer proves that the job classification system resulting in differential pay is rooted in

legitimate business-related differences in work responsibilities and qualifications for the

particular positions at issue."[1] Id. at 525. Here, the Defendant's pay grade classifications are

rooted in legitimate business-related differences in work responsibilities and qualifications, as

evidenced by the fact that they are the product of a negotiated CBA between management and

the Union and the CBA provides for a mechanism whereby "[a]ny worker who feels he/she is

graded incorrectly . . . may appeal to the grading committee" for his/her position grade to be

upgraded." See Exhibit 1 to Defendant's Answer, Article V, § 2B. Indeed, no facts have been

alleged to suggest any discriminatory animus in the creation of the job classification system.

**III.    Defendant's Actions Did Not Preclude the Plaintiff from Pursuing the
Administrative Remedies Provided by the CBA.**

In his Opposition Memo, Plaintiff incorrectly alleges that Defendant's Equal

Employment Opportunity Coordinator Jane MacNeil failed to respond to his complaints of

discrimination, causing him to be unable to pursue relief under the CBA. Opposition Memo, pp.

3-4. First, Ms. MacNeil did respond to Plaintiff's complaints of discrimination, as Plaintiff

himself admits when he states that Ms. MacNeil sent him a letter explaining that the basis for the

---

[1]   The First Circuit has not ruled on whether a job classification or collective bargaining agreement can serve as a "differential other than sex" without proving further elements. However, a Maryland District Court has held that, where a Defendant asserts that a wage differential was based on a bona fide job classification system, the burden then falls to the plaintiff to show that the jobs involved equal skill, effort and responsibility. Usery v. Bd. of Educ. of Baltimore County, 462 F.Supp. 535, 553 (D. Md. 1978). In this case, Plaintiff cannot meet this burden, as he has already admitted to significant differences in the skills and responsibilities required by the Watchpersons and Front Office Assistants. See Complaint, ¶ 6.

3

difference in pay grade of the Watchperson and Front Office Assistant positions was due to the

difference in work assignments, level of effort and responsibilities required by each position.

See Complaint, ¶ 6.  Second, there is no provision in the CBA that would have precluded

Plaintiff from filing a grievance or seeking a remedy in accordance with the CBA either before,

simultaneous with, or after his complaints to Ms. MacNeil.[2]  In fact, Plaintiff could have

requested that the grading committee evaluate the grades of the Watchperson and Front Office

Assistant positions before, at the same time or after he filed his internal complaint with Ms.

MacNeil.  Further, Plaintiff falsely and in conclusory fashion alleges that Mary Beckwith's

practices of assigning work and training opportunities made it highly unlikely that any appeal by

him to the grading committee as outlined in the CBA would result in an upgrade.  However,

Plaintiff does not support this statement with any allegation of fact and fails to note that the CBA

provides that the grading committee shall consist of diverse members, including two members of

the bargaining unit.  See Exhibit 1 to Defendant's Answer, Article V, § 2B.

## IV.   CONCLUSION

Plaintiff has failed to plead any facts that would entitle him to relief under his claims and

which would allow his claims to survive Defendant's Motion for Judgment on the Pleadings.

For all of the reasons stated herein and in its Memorandum in Support of its Motion for

Judgment on the Pleadings, Defendant requests that the Court grant its Motion for Judgment on

---

[2]  The CBA provides that "[a]ny dispute involving the interpretation or application of the Agreement shall be deemed a grievance and must be filed . . . within ten (10) working days after the aggrieved worker(s) or union knew or had reason to know of the grievance."  See Exhibit 1 to Defendant's Answer, Article XXV.

US1DOCS 5352985v1

the Pleadings and award it attorneys' fees and costs.

Respectfully submitted,

THE MARINE BIOLOGICAL LABORATORY,

By its attorneys,

/s/ Julie Murphy Clinton_____
Jonathan D. Rosenfeld (BBO# 556172)
Julie Murphy Clinton (BBO# 655230)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Dated:  November 3, 2005

## CERTIFICATE OF SERVICE

I, Julie Murphy Clinton, hereby certify that on November 3, 2005, I caused a copy of the foregoing Response to Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings to be served by first-class mail upon the plaintiff, David L. Fish, Jr.

/s/ Julie Murphy Clinton_____

US1DOCS 5352985v1