UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11619-RGS

DAVID L. FISH, JR.

v.

MARINE BIOLOGICAL LABORATORY

ORDER ON DEFENDANT MARINE BIOLOGICAL LABORATORY'S
MOTION FOR JUDGMENT ON THE PLEADINGS

November 3, 2005

STEARNS, D.J.

Invoking Fed. R. Civ. P. 12(c), defendant Marine Biological Laboratory (MBL) moves to dismiss a Complaint brought by David L. Fish, Jr., an MBL employee. The MBL argues that on the pleadings, Fish can prove no facts that would entitle him to relief under the Federal Equal Pay Act (FEPA), Title VII of the Civil Rights Act of 1964, the Massachusetts Employment Discrimination Act (G.L. c. 151B), or the Massachusetts Equal Pay Act (MEPA). The MBL also asserts that Fish's state-law claims are preempted by Section 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185.

BACKGROUND

Fish has worked at the MBL since June 19, 1998, as a "Watchperson." On January 25, 2004, Fish complained to Jane MacNeill, the MBL's Equal Employment Opportunity Coordinator, about the disparity in the wages paid to MBL Watchpersons, all of whom are male, and those paid to MBL Front Office Assistants, all of whom are female. Watchpersons are paid at a Grade 6 level while Front Office Assistants earn higher Grade

7 pay. The pay grades were established by a collective bargaining agreement (CBA) between SEIU Hospital Workers Local 2020 (Union) and the MBL.[1] On February 10, 2004, MacNeil wrote to Fish explaining that the differential in pay was attributable to differences in work duties, level of effort, and assigned responsibilities. Fish lays blame for the pay discrepancy at the feet of Mary Beckwith, an MBL supervisor. According to Fish, Beckwith deliberately blocks the promotion of Watchpersons by denying them the opportunity to train for higher-paying Front Office Assistant positions. Fish also alleges that after he complained to MacNeil, Beckwith retaliated against him by reducing his Watchperson overtime hours.[2]

Fish originally filed this action in the state court, asserting claims under the federal Equal Pay Act, Title VII of the Civil Rights Act, and "the applicable laws of the Commonwealth of Massachusetts."[3] The MBL removed the case to the district court on federal question grounds, and on August 30, 2005, moved for judgment on the pleadings. Fish failed to file an opposition. At a scheduling conference on September 22, 2005, the court gave Fish, who appeared pro se, thirty days to reply to MBL's motion.

## DISCUSSION

---

[1] The court may consider terms of the CBA that are referenced and incorporated in the Complaint. See Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005); Boston Scientific Corp. v. Schneider (Europe) AG, 983 F. Supp. 245, 253 n.10 (D. Mass. 1997).

[2] Fish also asserts that Beckwith permits Front Office Assistants to work more overtime hours than Watchpersons.

[3] On January 4, 2004, Fish filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against the MBL. The EEOC subsequently dismissed the charge.

"The standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule 12(b)(6) motion." Petricca v. City of Gardner, 194 F. Supp. 2d 1, 4 (D. Mass. 2002) (internal citation omitted). The court "must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor." Id.

The FEPA prohibits wage discrimination "between employees on the basis of sex . . . for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). To establish a prima facie case under the FEPA, a plaintiff must establish that the employer paid higher wages to a member of the opposite sex for performing substantially similar work. See Byrd v. Ronayne, 61 F.3d 1026, 1033 (1st Cir. 1995). In his Complaint, Fish concedes that Front Office Assistants, who prepare daily audits, data entries and reports, perform a number of tasks that are not required of Watchpersons. Complaint, ¶ 6. Where there are differences in job responsibilities, a plaintiff cannot meet the "substantially similar work" test of the FEPA or MEPA's "comparable work" standard. See Gu v. Boston Police Dept., 312 F.3d 6, 9 (2002). For the same reason, Fish cannot demonstrate discrimination under Title VII or G.L. c. 151B, as by his own admission he is not similarly situated in all relevant aspects to the Front Office Assistants with whom he compares himself. See Smith v. Stratus Computer, Inc., 40 F.3d 11, 17 (1st Cir. 1994). See also Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129 (1994) (adopting for G.L. c. 151B purposes the federal Title VII "similarly situated" standard).

There is another reason why Fish has no viable claim under either FEPA or Title

VII. The CBA establishes the pay grades applicable to Watchpersons and Front Office Assistants. Consequently, the difference in pay results from a "differential other than sex." 29 U.S.C. § 206(d)(1); see also Gu, 312 F.3d at 15 ("[T]o rebut the prima facie case, an employer has several affirmative defenses under the FEPA, including that the discrepancy resulted from a pay system based on (1) seniority; (2) merit; (3) quantity or quality of production; or (4) another differential based on a factor other than sex."). Title VII incorporates the FEPA affirmative defenses. 42 U.S.C. § 2000 e-2(h). See also Mullenix v. Forsyth Dental Infirmary for Children, 965 F. Supp. 120, 143 (D. Mass. 1996).

To sustain a claim of retaliation, Fish must demonstrate: (1) that he engaged in protected conduct; (2) that he suffered an adverse employment action; and (3) that a causal connection existed between the protected conduct and the adverse action. See Mullenix, 965 F. Supp. at 148. Fish complains that Beckwith retaliated against him by reducing his overtime hours while allowing generous overtime hours for the Front Office Assistants. But the issue is not whether Beckwith favored Front Office Assistants with overtime hours, but whether she treated Fish differently than other Watchpersons. There is no allegation in the Complaint that this was the case.

The state-law claims brought by Fish require interpretation of the CBA and are thus preempted by Section 301 of the LMRA.[4]  See Magerer v. John Sexton & Co., 912 F.2d 525, 528 (1st Cir. 1990) (Section 301 preempts a state-law claim "if the resolution of [the]

---

[4]The CBA provides that "[a]ny worker who feels he/she is graded incorrectly . . . may appeal to the grading committee and, should the grading committee agree to the upgrade, such change in grade shall be done retroactive to the date the worker appealed to the grading committee.

state-law claim depends upon the meaning of a collective bargaining agreement").[5]

ORDER

For the foregoing reasons, the MBL's Motion for Judgment on the Pleadings is ALLOWED and judgment shall enter accordingly.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[5]The court notes that Fish was a member of the bargaining unit that negotiated the CBA on behalf of MBL employees.